952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hilario RIOS-LOPEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose AISPURO-LOPEZ, Defendant-Appellant.
 Nos. 91-30075, 91-30101.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Dec. 17, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hilario Rios-Lopez and Jose Aispuro-Lopez were convicted under 21 U.S.C. § 841(a)(1) of possession of cocaine with intent to distribute. Both challenge the sufficiency of the evidence supporting their convictions, the jury instructions at trial, the admission of expert testimony, and their sentences. Rios-Lopez argues in addition that the warrantless search of his truck violated the Fourth Amendment. We affirm the conviction and sentence of Rios-Lopez, but reverse the conviction of Aispuro-Lopez.
 
 
 3
 * Rios-Lopez argues that the warrantless search of his truck violated the Fourth Amendment, and therefore that the cocaine discovered in the search should have been suppressed. The district court found that Rios-Lopez voluntarily consented to the search, and Rios-Lopez contests this finding. We need not decide if the consent was voluntary, however, because the record amply demonstrates the validity of the search on other grounds.
 
 
 4
 Police may search an automobile without a warrant if they have probable cause to believe the automobile contains contraband. United States v. Ross, 456 U.S. 798, 800, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The undisputed facts establish that the police had probable cause to believe Rios-Lopez's truck contained cocaine. Michael Bruno, shortly after requesting a delivery of cocaine from a known supplier, received a call directing him to a closed gas station. The only vehicle at the gas station was Rios-Lopez's truck. Bruno recognized Rios-Lopez from prior drug deliveries. After briefly speaking with the defendants, Bruno signalled police that the car contained drugs. The district court, therefore, did not err in refusing to suppress evidence seized in the search.
 
 II
 
 5
 Rios-Lopez and Aispuro-Lopez challenge the sufficiency of the evidence supporting their convictions under 21 U.S.C. § 841(a)(1). An individual violates the section by knowingly or intentionally possessing a controlled substance with intent to distribute. See 21 U.S.C. § 841(a)(1). "A person may not be convicted of illegal possession unless he knows contraband is present and is capable of exercising dominion and control over the contraband." United States v. Penagos, 823 F.2d 346, 350 (9th Cir.1987). More than mere proximity to narcotics and association with conspirators is required to establish liability for possession with intent to distribute. Id. at 347, 351. An individual also violates § 841(a)(1) by aiding and abetting such possession with intent to distribute. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988).
 
 A. Rios-Lopez
 
 6
 The evidence, viewed in the light most favorable to the government, as we must, is sufficient to connect Rios-Lopez to the conspiracy and to support his conviction. Rios-Lopez drove, and appears to have owned, the vehicle in which the contraband was stored. He was responding to a request for cocaine from Michael Bruno, and the amount of cocaine found, one kilogram, is too great for personal consumption alone. Teri Bruno testified that Rios-Lopez had been involved in drug transactions with Michael Bruno before, and Michael Bruno testified that he recognized Rios-Lopez. Finally, there was testimony that, immediately after the arrest, Bruno told police where the cocaine was. Based on this evidence, a rational jury could have found beyond a reasonable doubt that Rios-Lopez was guilty of possession of cocaine with intent to distribute. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 
 B. Aispuro-Lopez
 
 7
 The evidence as to Aispuro-Lopez shows only that he was present in the vehicle transporting the contraband and was at the scene where the car broke down and where Bruno responded to Rios-Lopez's call. There is no indication that Aispuro-Lopez did anything affirmative to further the transaction, or that he drove the vehicle, owned it, or performed counter-surveillance or security measures.
 
 
 8
 The government argues that the facts that the drugs were under Aispuro-Lopez's seat in the truck, that he lived with Rios-Lopez, that the two were cousins, and that couriers often arrived in groups of one to five at Bruno's house, suffice. We are not persuaded that these facts permissibly add up to more than mere proximity to cocaine.
 
 
 9
 Because there is insufficient evidence to establish Aispuro-Lopez's knowledge of the presence of cocaine or his intent to distribute, there is also insufficient evidence to support liability under an aiding and abetting theory. See Savinovich, 845 F.2d at 838. Given this disposition, we shall not deal separately with the remaining arguments in which Aispuro-Lopez joins Rios-Lopez.
 
 III
 
 10
 Rios-Lopez argues that Agent O'Connor's expert opinion improperly relied on a drug courier profile. See, e.g., United States v. Lui, 941 F.2d 844, 847 (9th Cir.1991). We need not decide whether O'Connor's testimony was erroneously admitted, however, because it was harmless in light of the other evidence of guilt. See United States v. Browne, 829 F.2d 760, 765-66 (9th Cir.1987), cert. denied, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988) (a conviction will be sustained if nonconstitutional error more probably than not had no material effect on the outcome).
 
 IV
 
 11
 Rios-Lopez argues that the district court should have instructed the jury on simple possession, a lesser included offense of possession with intent to distribute. The district court did not erroneously refuse so to instruct, because to convict for simple possession, the jury would have to rely on the evidence of arranged distribution to Bruno in order to establish knowing possession by the appellants. Thus, it would have to rely on proof of the greater offense to convict of the lesser. See United States v. Linn, 880 F.2d 209, 218 (9th Cir.1989). In addition, the 1094.2 grams found in Rios-Lopez's truck would make it irrational for a jury to find that the cocaine was intended for a purpose other than distribution. See United States v. Espinosa, 827 F.2d 604, 615 (9th Cir.1987), cert. denied, 485 U.S. 968, 108 S.Ct. 1243, 99 L.Ed.2d 441 (1988).
 
 V
 
 12
 Rios-Lopez argues that the district court erred in refusing to accept his proposed jury instructions on "mere proximity." So long as jury instructions "fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989) (quoting United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985)), cert. denied, 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990). The phrase "was present at the scene of the crime" in the instructions read to the jury fairly and adequately covers Rios-Lopez's proximity theory. The district court's exact choice of wording was not an abuse of discretion. Id.
 
 VI
 
 13
 Rios-Lopez argues that the district court clearly erred in not finding that he was a minor or minimal participant under § 3B1.2 of the Sentencing Guidelines. Rios-Lopez served as a courier of a substantial amount of narcotics, see United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989) (upholding denial of reduction for defendants who only functioned as couriers), and absent evidence adduced by him to the contrary, the district court's decision not to reduce his offense level on account of minor or minimal participation was not clearly erroneous. See United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991) (burden of proof on defendant to show entitlement to adjustment).
 
 
 14
 AFFIRMED AS TO RIOS-LOPEZ; REVERSED AS TO AISPURO-LOPEZ.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3