951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Ray WARDLOW, Defendant-Appellant.
 No. 88-5366.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1991.
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, GOODWIN and KOZINSKI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Wardlow contends that the district court erred in denying his motion to suppress all evidence stemming from his alleged detention at an airport and subsequent arrest. The lawfulness of a search and seizure is reviewed de novo. United States v. Linn, 880 F.2d 209, 214 (9th Cir.1989). However, "the district court's findings of fact are reviewed for clear error." Id.
 
 
 2
 The district court correctly ruled that Wardlow does not have standing to challenge the search of the brown bag. There was sufficient evidence for the district court to find that Wardlow had abandoned the bag and thus did not have any valid expectation of privacy in it. See United States v. Veatch, 674 F.2d 1217, 1220-22 (9th Cir.1981), cert. denied, 456 U.S. 946 (1982). The finding of abandonment is not necessarily inconsistent with the finding that Wardlow once had possession of the bag.
 
 
 3
 The district court was correct in holding that the initial encounter in the airport was voluntary and not a detention. Merely approaching and questioning an individual is not a seizure. United States v. Mendenhall, 446 U.S. 544, 553-55 (1980). Wardlow contends that the officer withheld Wardlow's airline ticket for a substantial period of time. However, there was sufficient evidence for the district court to find that the officer returned the ticket promptly.
 
 
 4
 The district court also did not err in holding that there was probable cause to support Wardlow's arrest. Probable cause exists when the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, [to believe], in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.) (internal quotations omitted), cert. denied, 476 U.S. 1185 (1986). Wardlow was seen with a bag by his feet that was later discovered to contain cocaine. In addition, he acted nervously, failed to provide identification, and possessed a one-way ticket that was paid for in cash. These facts are sufficient to warrant a finding that probable cause existed.
 
 
 5
 Wardlow also contends that the officers impermissibly investigated Wardlow by using race as a factor in determining whether he was a drug courier. Wardlow did not argue this in the district court. Therefore, we decline to address this issue because none of the exceptions to our general rule against reviewing issues for the first time on appeal has been met. Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987).
 
 
 6
 Wardlow also claims that the evidence was insufficient to support his convictions. However, Wardlow failed to preserve his acquittal motion at the close of all the evidence. Therefore, we decline to address this issue because there was no plain error and review is not necessary to prevent a manifest miscarriage of justice. See United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989).
 
 
 7
 We, however, vacate the sentence and remand for resentencing because both parties agree that the district judge should have but did not sentence Wardlow under the Sentencing Guidelines.
 
 
 8
 The remaining issues were disposed of in a published opinion.
 
 
 9
 CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED.