956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd TREPANIER, Defendant-Appellant.
 Nos. 90-50288, 90-50289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 3, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, Todd Trepanier appeals his conviction at jury trial for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Trepanier contends that the evidence was insufficient to prove either the existence of a conspiracy or to support a finding of constructive possession of the cocaine alleged in the distribution count. Trepanier also appeals the denial of his motion for new trial, contending that the district court erred by giving an alleged prejudicial jury instruction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. Sufficiency of the Evidence
 
 3
 Trepanier contends that the evidence was insufficient to support his conviction for a conspiracy to sell cocaine. He also contends that the evidence was insufficient to prove that he constructively possessed the cocaine which served the basis for his distribution conviction. These arguments are without merit.
 
 
 4
 We review the sufficiency of evidence to determine whether "a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendants guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989).
 
 
 5
 "To prove a conspiracy, the government must show (1) an agreement (2) to engage in criminal activity and (3) one or more overt acts in furtherance of the conspiracy." Hernandez, 876 F.2d at 777. The agreement can be implied from the facts and circumstances of the case. Id. To prove constructive possession, the government must show that the defendant had " 'sufficient dominion and control to give him the power of disposal....' " Id. at 778 (quoting United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1989)). Circumstantial evidence can establish both knowledge and possession. Id. A defendant's participation in a joint venture to distribute a controlled substance is sufficient to establish constructive possession. Id. (citing United States v. Moreno, 649 F.2d 309, 313 (5th Cir.1981) (evidence sufficient to show constructive possession where the defendant "enjoyed a close and continuous working relationship with those ... who may have had actual physical possession of the marijuana")).
 
 
 6
 Here, Drug Enforcement Administration Agent Michelle Ashley and confidential informant Bill Allen testified at trial to the following facts. They were involved in a drug deal with Trepanier and co-defendants Robert Day and Glen Houshar. Allen attempted to negotiate a drug purchase on behalf of Agent Ashley with Trepanier, Day and Houshar at Houshar's home.[1] Trepanier was present at the drug sale negotiations between Allen and his co-defendants and searched Allen for a wire. He spoke with Agent Ashley over the telephone and asked for additional time to complete the deal. When negotiations reached an impasse and Agent Ashley prepared to fly out of town, Trepanier stated that Houshar and Day were his partners and offered cash to Agent Ashley in an effort to keep the negotiations alive. Agent Ashley agreed to stay in town and purchased the drugs from Day and Houshar at a restaurant on the following day. Trepanier testified that he merely answered the telephone and relayed messages to Houshar and tried to help Houshar close a photography deal at the airport.
 
 
 7
 The jury was free to discredit Trepanier's version of the events. See Hernandez, 876 F.2d at 778. The coordinated activity among Trepanier and his housemates "raises a reasonable inference of a joint venture." See id. Trepanier's close work throughout the negotiations with Houshar and Day, who had actual physical possession of the cocaine, was sufficient to establish constructive possession of the cocaine. See id. In light of this evidence, we hold that a rational trier of fact could have found that Trepanier conspired to sell and constructively possessed cocaine. See id.
 
 II. Motion for New Trial/Jury Instructions
 
 8
 Trepanier contends that the district court erred by denying his motion for a new trial because he was prejudiced when his co-defendants entered guilty pleas during the course of the joint trial of all defendants. This argument lacks merit.
 
 
 9
 We review for abuse of discretion a district court's denial of motion for new trial made pursuant to Fed.R.Crim.P. 33. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied 481 U.S. 1030 (1987). We review for abuse of discretion the district court's formulation of jury instructions. United States v. Linn, 880 F.2d 209, 217 (9th Cir.1989).
 
 
 10
 A district court may grant a motion for new trial "if required in the interests of justice." Fed.R.Crim.P. 33. A plain, nonargumentative explanation is proper where a codefendant disappears from the defense table. United States v. Jones, 425 F.2d 1048, 1053 (9th Cir.), cert. denied, 400 U.S. 823 (1970).
 
 
 11
 Here, the district court accepted the change of plea from Trepanier's co-defendants after the government rested its case-in-chief. The pleas were changed during a review of the proposed jury instructions at which the jury was not present. The co-defendants were excused from the courtroom. When the jury returned, the district court gave the following instruction:
 
 
 12
 Ladies and gentlemen of the jury, you will note that we're absent four members--counsel and two Defendants. They have entered pleas of guilty and they're no longer part of this case. Now, Mr. Trepanier wishes to continue, which he has every right to do, and the burden is upon the Government to prove his guilty beyond a reasonable doubt. In your deliberations, you shall not consider the fact that the pleas of guilty were entered by these other two Defendants in arriving at you verdict as it regards Mr. Trepanier. You're entitled to know. I don't want you to speculate as to what happened and why they're not here. That's why I'm telling you that, and I'm sure you'll follow my instruction that you will determine the guilt or innocence of Mr. Trepanier based upon his acts and acts alone, except as it may pertain to the acts of other people in the conspiracy....
 
 
 13
 (RT 1/10/90 at 73).
 
 
 14
 Trepanier's counsel did not object to the instruction at the time it was given. In light of Jones, the jury instruction given was not plain error. See Jones, 425 F.2d at 1053. Thus, the district court did not abuse its discretion in denying the motion for new trial.[2] See Fed.R.Crim.P. 33.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Trepanier and Day were Houshar's housemates
 
 
 [2]
 Trepanier also argues that the district court erred by denying his motion for mistrial. Because we are unable to find no record of a motion for mistrial, we do not address this issue