960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan Rodney DILGER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Swepson Charles MORTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David George HENDERSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Lee REED, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Terry IRISH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Sullivan HANNA, Defendant-Appellant.
 Nos. 90-30453, 90-30454, 90-30459, 90-30462, 91-30009 and 91-30010.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1991.
Decided April 15, 1992.
 
 Before WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Dilger, Hanna, Henderson, Irish, Morton, and Reed (the participants) appeal their convictions and sentences, following their guilty plea, for importation of hashish in excess of 1,000 kilograms in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2. The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 The participants argue that the district court erred in denying their motions to suppress evidence. The legality of a search and seizure is reviewed de novo, while factual findings are reviewed for clear error. See United States v. Linn, 880 F.2d 209, 214 (9th Cir.1989) (Linn ); United States v. Dobson, 781 F.2d 1374, 1376 (9th Cir.1986). The district court's finding of probable cause is reviewed de novo. Linn, 880 F.2d at 214.
 
 
 3
 The district court upheld the search of the containers on the vehicles pursuant to the vehicle exception to the warrant requirement. A warrant is not required if there is "probable cause to believe that the car contain[s] seizable contraband." United States v. Corral-Villavicencio, 753 F.2d 785, 789 (9th Cir.1985) (Corral ). If there is probable cause to search a container and that container is placed in an automobile, the container may be legally searched. California v. Acevedo, 111 S.Ct.1982, 1991 (1991). Once probable cause is established, the government is not required to make an independent showing of exigent circumstances because the existence of exigent circumstances is generally presumed. See United States v. Bagley, 772 F.2d 482, 490-91 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986).
 
 
 4
 Probable cause exists when there are sufficient facts "to warrant a man of reasonable caution in the belief that ... [contraband] [is] being transported in the automobile." Corral, 753 F.2d at 789-90 (internal quotations omitted). "Probable cause may be based on the collective knowledge of all of the officers involved in the investigation." United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989) (Hoyos ), cert. denied, 111 S.Ct. 80 (1990).
 
 
 5
 The participants contend that the district judge erred by considering inadmissible evidence. Hanna contends that the August 3 boarding for a safety and documentation inspection was an unconstitutional search and, therefore, any information obtained from the boarding may not be used as a basis for probable cause. However, at oral argument it was conceded that this issue was not raised before the district court. Thus, the issue is waived. See United States v. Restrepo-Rua, 815 F.2d 1327, 1328-29 (9th Cir.1987).
 
 
 6
 The participants, however, argue that only reliable hearsay may be considered when determining if probable cause exists. See United States v. Castillo, 866 F.2d 1071, 1077-78 (9th Cir.1988).
 
 
 7
 But even if we exclude the participants' connections to criminals and other unreliable information, there is sufficient evidence to support probable cause. For example, the vessel contained electronic equipment similar to equipment that is often used by maritime smugglers. The dock lights that were usually used were shut off the night prior to the off-load. Although the vessel apparently had not declared an intent to off-load cargo, the agents observed vehicles and a crane arrive. The agents also observed vehicles engaging in counter-surveillance. We have frequently pointed out the importance of counter-surveillance activity in determining if probable cause exists. See, e.g., United States v. Ocampo, 937 F.2d 485, 490 (9th Cir.1991).
 
 
 8
 Hanna argues that the facts relied upon by the district judge are consistent with innocent behavior. Probable cause, however, exists when "[t]he succession of superficially innocent events ... proceed[s] to the point where a prudent man could say to himself that an innocent course of conduct was substantially less likely than a criminal one." Corral, 753 F.2d at 790 (internal quotations omitted). "Conduct which appears innocent to a lay person may have an entirely different significance to an experienced narcotics officer." Hoyos, 892 F.2d at 1393 (internal quotations omitted). Viewed in this light, the facts in this case support a finding that the agents had probable cause to search the containers on the vehicles. We need not reach the issue of whether Dilger voluntarily consented to the search of his vehicle because that search was also valid under the vehicle exception.
 
 
 9
 In his reply brief, Morton also contends that an unconstitutional seizure occurred when the government began strict surveillance and decided to search any containers leaving the area. However, Morton has waived this issue because he did not clearly raise it in his opening brief. See United States v. Luther, 521 F.2d 408, 411 (9th Cir.1975).
 
 
 10
 We also need not address whether the searches were justified as extended border searches or searches at the functional equivalent of the border. The warrantless searches of the cargo that was loaded on the various vehicles were legal under the vehicle exception. The participants have not clearly and distinctly argued in their opening briefs whether any other warrantless searches fail to meet the requirements of the border search exceptions. See id. The participants have also not shown that the searches of the various automobiles and residences that were performed pursuant to warrants were illegal. Therefore, the district court did not err in denying the participants' motions to suppress.
 
 
 11
 Dilger, Irish, Morton, and Reed also argue that the district court erred by not decreasing their offense levels based on their minimal or minor roles. See United States Sentencing Commission, Guidelines Manual, § 3B1.2 (Nov. 1990) (U.S.S.G.). We review the district court's denial of minor or minimal participant status for clear error. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991).
 
 
 12
 The participants argue that they are entitled to minor or minimal role status because they were "substantially less culpable than the average participant" and acted as mere offloaders or couriers. See U.S.S.G. § 3B1.2, comment. (n. 2 & backg'd). It is unclear in this circuit whether "section 3B1.2 requires a court to compare a defendant's conduct with the conduct of the other codefendants as opposed to comparing a defendant's conduct with the conduct of an average participant in the type of crime in question." United States v. Andrus, 925 F.2d 335, 338 (9th Cir.) (internal quotations omitted), cert. denied, 112 S.Ct. 249 (1991). We however need not resolve this question because under either standard the district court did not clearly err.
 
 
 13
 There is ample evidence to support the district court's conclusion that these participants were more culpable than a minor or minimal participant and were not mere couriers or offloaders. For example, there is evidence that each of the participants who were denied minor participant status were actively involved with the preparation of the offense. The district court was not required to accept the participants' self-serving accounts of their role in the offense.
 
 
 14
 These participants also claim that the district court erred by denying them minor participant status while finding that Hanna and Henderson were minor participants. Disparate sentences may be reviewed if there are "constitutional concerns." United States v. Citro, 842 F.2d 1149, 1153 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Reed claims that the disparate sentences in this case violate the equal protection clause and the due process clause. The district judge properly considered the individual circumstances of each defendant. The district judge merely concluded that the activities of some defendants were more indicative of active involvement in the preparation of the offense than the activities of other defendants. The district court's findings were not vague, internally inconsistent or otherwise insufficient. See Fed.R.Crim.P. 32(c)(3)(D). Under these circumstances, the participants have failed to establish that the "disparate" sentences in this case violate the Constitution, the Guidelines or any statute.
 
 
 15
 AFFIRMED.