82 F.3d 423
 77 A.F.T.R.2d 96-1563, 96-1 USTC P 50,237
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Deborah R. MASSIE, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 95-70448.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Deborah R. Massie appeals pro se the tax court's order granting the Commissioner of Internal Revenue's ("CIR") motion to dismiss Massie's petition for redetermination for lack of jurisdiction. The tax court granted the CIR's motion to dismiss because Massie's petition for redetermination was not timely filed. We have jurisdiction under 26 U.S.C. § 7482. We review the tax court's finding of fact that the notice of deficiency was mailed to Massie on August 30, 1991 under the clearly erroneous standard. King v. Commissioner, 857 F.2d 676, 679 (9th Cir.1988). The tax court's decision to admit certain records into evidence is reviewed for an abuse of discretion. United States v. Miller, 771 F.2d 1219, 1237 (9th Cir.1985). We affirm for the reasons stated by the tax court in its decision dated April 17, 1995.[1]
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Massie's contention that the tax court abused its discretion by admitting into evidence the original notice of deficiency and its envelope because there was a sufficient foundation for its admission. See Karme v. Commissioner, 673 F.2d 1062, 1065 (9th Cir.1982) (Fed.R.Evid. 803(24) authorizes a court to admit a record into evidence so long as the record is material, probative, and trustworthy); United States v. Linn, 880 F.2d 209, 216 (9th Cir.1989) (this court has given lower courts broad discretion to decide whether a particular record is trustworthy)