**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Apolinar RAMIREZ–ARELLANO, Defendant—Appellant.**

No. 04–10204.

D.C. No. CR–03–00254–1–LRH.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 13, 2006.

Thomas S. Dougherty, Esq., USLV–Office of the U.S. Attorney Lloyd George Federal, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM **

Apolinar Ramirez–Arellano appeals from the 120–month mandatory minimum sentence imposed following his guilty plea

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

conviction for distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and possession of methamphetamine with intent to distribute, in violation of § 841(a)(1) and (b)(1)(A)(viii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ramirez–Arellano appeals solely to preserve his contention that the mandatory minimum sentence provisions of 21 U.S.C. § 841 are unconstitutional. As appellant acknowledges, we must reject his challenge to the statutory mandatory minimum sentences under our existing case law. *See, e.g., United States v. Linn*, 880 F.2d 209, 217 (9th Cir.1989) (holding section 841's mandatory minimum sentencing scheme does not violate due process, equal protection, or separation of powers doctrine).

Because Ramirez–Arellano was sentenced to the statutory mandatory minimum, he cannot argue that his substantial rights were affected under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Dare*, 425 F.3d 634, 643 (9th Cir.2005).

This court has received appellant's pro se "Appendix to a Direct Appeal," which we construe as a motion to amend his opening brief. Because appellant is represented by counsel, only counsel may file motions, and we therefore decline to entertain the motion.

AFFIRMED.