**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles W. ROTH, Claimant–Appellant.**

No. 89–16694.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 1990.

Decided Aug. 30, 1990.

As Amended on Denial of Rehearing Oct. 15, 1990.

Susan B. Jordan, Jordan & Osterhoudt, San Francisco, Cal., Ted W. Cassman, Cooper, Arguedas & Cassman, Emeryville, Cal., for claimant-appellant.

Brian L. Sullivan, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Before TANG, NORRIS and FERNANDEZ, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

This is an interlocutory appeal of a pretrial order restraining assets issued by the district court under the Comprehensive Forfeiture Act of 1984 (the Act), 21 U.S.C. § 853. The government argues that the order is not appealable because it is interlocutory. We hold that the order is appealable under 28 U.S.C. § 1292(a)(1) because it is a preliminary injunction. On the merits, we affirm the order.

I

Appellant Charles Roth, who allegedly participated in a large-scale marijuana distribution enterprise, was indicted for various drug related offenses. The indictment alleged that Roth had acquired an asset, 1490 Squaw Valley Road, Olympic Valley, CA, as a result of his drug trafficking and money laundering, which was subject to forfeiture under the Act.

After the indictment was unsealed, the district court granted the government's ex parte motion for a temporary restraining order (TRO) freezing the proceeds from the sale of the property pending trial. A hearing was then set by the district court, as required by *United States v. Crozier,* 777 F.2d 1376 (9th Cir.1985) to determine whether the TRO should ripen into a preliminary injunction. Following the hearing, the district court issued a preliminary injunction on the ground that the government had demonstrated probable success on the merits of its claim to forfeiture of the proceeds of the sale.

II

We first decide the question of the appealability of a pretrial order restraining assets under the Act. Appellant argues that because *United States v. Crozier,* 777 F.2d 1376 (9th Cir.1985), establishes that pre-trial orders restraining assets under the Act must satisfy all the requirements for a preliminary injunction under Federal Rule of Civil Procedure 65, the district court order freezing the proceeds of the sale of 1490 Squaw Valley Road pending trial is appealable as a preliminary injunction under 28 U.S.C. § 1292(a)(1). We agree.

In *Crozier,* we held that § 853 of the Act violated the Fifth Amendment right to due process of law because Congress had failed

to provide for a hearing on an ex parte pre-trial order restraining assets. 777 F.2d at 1383. In the absence of valid procedural guidelines in the forfeiture provisions of the Act, we held that Rule 65 of the Federal Rules of Civil Procedure applies to require a district court to hold a prompt hearing after a TRO is granted to determine whether a preliminary injunction should issue. *Id.* at 1384. This holding is not inconsistent with *United States v. Monsanto,* — U.S. ——, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989). There, the Supreme Court explicitly refused to decide whether a hearing in connection with a restraining order pending trial was required and what type of hearing, if any, would satisfy the requirements of due process. *Id.* 109 S.Ct. at 2666 n. 10. The law of our circuit therefore remains that in order for a restraining order under § 853 to be constitutional, the district court must hold a hearing under Rule 65 to determine whether probable cause exists to issue an injunction. The district court followed precisely this procedure. Expressly citing *Crozier,* it held a hearing under Rule 65. After the hearing, the court ruled that probable cause existed and issued the preliminary injunction that is now before us for review. Section 1292(a)(1) gives us jurisdiction.

The government argues that the order is appealable only if it can qualify under the collateral order exception to the final judgment rule. *See Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). In *United States v. Spilotro,* 680 F.2d 612 (9th Cir. 1982) we held a pretrial restraining order appealable under the collateral order doctrine because we reasoned that if the order were not immediately appealable, important questions about the scope of pretrial forfeiture permitted by the due process clause of the Fifth Amendment might not be resolved by the final disposition of the underlying proceedings. The government acknowledges that *Spilotro* held that an order restraining assets pending trial was appealable under *Cohen*'s collateral order doctrine, but argues that *Spilotro* has been undermined as circuit precedent by *Monsanto.*[1] In arguing that *Monsanto* undermines *Spilotro,* the government contends that *Monsanto* "firmly, and once and for all, established that pretrial restraining orders are constitutional and are authorized by 21 U.S.C. § 853 and that the [g]overnment must meet a burden of establishing probable cause in order to obtain one." Appellee's Brief at 3. According to the government, *Monsanto*'s holding that there was no constitutional infirmity in § 853(e)'s authorization of a restraint on property pending trial negated *Spilotro*'s rationale for invoking the collateral order doctrine.

The government's argument that a pretrial order restraining assets is a non-appealable interlocutory order ignores *Crozier*'s holding that such an order is a preliminary injunction for procedural purposes and therefore appealable as a preliminary injunction under 1292(a)(1). Accordingly, the appealability of the order does not depend on the availability of *Cohen*'s collateral order exception to the final judgment rule. We therefore need not, and do not, reach the question raised by the government as to whether *Monsanto* has undermined *Spilotro*'s rationale for invoking the collateral order exception.

Because we have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the order freezing the proceeds of the sale of the 1490 Squaw Valley Road property pending trial, we turn to the merits of appellant's argument that we should vacate the order.

### III

Appellant Roth argues that the government failed to make the requisite showing of probable cause for forfeiture of 1490 Squaw Valley Road. At the *Crozier* hearing, the government presented testimony about alleged irregularities in the financial transactions pertaining to 1490 Squaw Val-

---

1. A case remains good law unless it is undermined by a subsequent en banc decision, Supreme Court decision, or legislation. *See Mon-* *tana v. Johnson,* 738 F.2d 1074, 1077 (9th Cir. 1984).

ley Road and in Roth's personal finances. The district court found that it appeared that Ciro Mancuso, the associate from whom Roth bought the property, was involved in drug trafficking and derived his wealth from his drug enterprises. The court further found that Roth was involved in drug trafficking, as well, by virtue of his assistance to Mancuso in laundering money. The court also found the countervailing evidence offered by Roth to be speculative and unsupported and found Roth to be an incredible and unbelievable witness. The district court found that the government established probable cause for forfeiture and a likelihood of success on the merits and accordingly converted the TRO into a preliminary injunction restraining transfer of assets.

 Probable cause is reviewed de novo. *United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1146 (9th Cir.1989). Probable cause can be shown by an "aggregate of the facts." *Id.; United States v. Padilla,* 888 F.2d 642, 643–44 (9th Cir. 1989). Probable cause is less than prima facie proof but more than mere suspicion. *One Cadillac Seville,* 866 F.2d at 1146 (citing *United States v. United States Currency $83,310.78,* 851 F.2d 1231, 1235 (9th Cir.1988)).

 The government has met its burden in proving probable cause. The IRS agent who testified presented detailed evidence of various financial transactions relating to 1490 Squaw Valley Road. The money trail appears suspicious, even when recounted by appellant himself. Roth acquired the property through the following events. In October 1987, Mancuso purchased the house from his lawyer's mother for $120,-000. In August 1988, Mancuso sold the

property to Roth for $285,000. In October 1989, Roth sold the property to a third party for $375,000.

From March through July 1988, Roth issued six checks worth $156,000 [2] in amounts varying from $11,000 to $40,000 payable to Mancuso and his wife. Roth attempts to explain the payments as a downpayment, a second deed of trust, and money for improvements. He also offered several explanations for the source of the $155,000, ranging from loans from friends to income from his accounting business. The district court found his explanations on the source of funds issue not to be credible.[3] The government also analyzed his tax returns and found no evidence that Roth had $155,000 available.

Additionally, evidence submitted by the government suggests that Roth enjoyed significant income from illicit activities, namely, by serving as accountant for all aspects of an alleged drug trafficker's financial affairs, a post which allegedly entailed active participation in money-laundering schemes. Thus, in the absence of significant credible evidence that Roth had availed himself of legitimate non-taxable sources of sufficient funds for the purchase of the property, we have no difficulty finding that the government met its burden of showing probable cause under our cases.[4]

AFFIRMED.

---

**2.** Of this $156,000, apparently $1,000 was unrelated to 1490 Squaw Valley Road. The rest of the cash, $155,000, was apparently the cash downpayment for the property. *See* Appellee's Brief at 10–12.

**3.** *See* Appellant's Reply Brief at 10. A district court's credibility determinations are given special deference by an appellate court. *Spain v. Rushen,* 883 F.2d 712 (9th Cir.1989). Applying this standard we agree that the record supports the district court's findings on Roth's credibility.

**4.** For example, in *U.S. v. Linn,* 880 F.2d 209 (9th Cir.1989), we found probable cause under 21 U.S.C. § 853 to seize an automobile as involved in a drug transaction when an individual had withdrawn money from several banks in Vancouver, Canada, following a meeting with a suspected drug dealer, and had proceeded to drive the auto to Seattle, meet there with another individual and engage in activity in the other individual's truck, in which cocaine was discovered prior to the seizure of the auto driven from Vancouver. We held that "these facts, and the

reasonable inferences to be drawn from them, created ample probable cause to believe that [the auto in question] had transported money to be used to purchase drugs," 880 F.2d at 214. The facts in our case present a comparable degree of certainty to those in *Linn*.