17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Antonio DUQUE, Defendant-Appellant.
 No. 93-10505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Antonio Duque appeals the district court's denial of his motion for modification of the conditions of his confinement. Awaiting a trial on various drug charges, Duque has been incarcerated in administrative detention in the Special Housing Unit of the Federal Correction Institute (FCI) in Tucson, Arizona since March 19, 1993. Duque contends the district court abused its discretion by refusing to modify his conditions of confinement even though he has never been informed of the reason for his special confinement and has not been given the required psychiatric and psychological assessments. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 Duque contends this court has jurisdiction over the district court's denial of a motion to modify conditions of confinement because it falls within the collateral order doctrine. This argument is unpersuasive.
 
 
 4
 In criminal cases, the collateral order doctrine permits review of interlocutory orders that satisfy three requirements: (1) the order must constitute a complete, formal, and final rejection of the claim addressed, (2) the claim must be collateral and separable from the issue of the defendant's guilt, and (3) the order must involve rights that " 'would be irretrievably lost if review were postponed until trial is completed.' " People v. State of Cal. v. Mesa, 813 F.2d 960, 962 (9th Cir.1987) (quoting Flanagan v. United States, 465 U.S. 259, 266 (1984), cert. granted, 486 U.S. 1021 (1988), and aff'd, 489 U.S. 121 (1989); see also United States v. Harper, 729 F.2d 1216, 1220 (9th Cir.1984). "The Supreme Court has interpreted the collateral order doctrine with the 'utmost strictness' in criminal cases." Mesa, 813 F.2d at 962 (quoting Flanagan, 465 U.S. at 265).
 
 
 5
 Here, the district court's denial of Duque's motion fails to meet the third requirement. A pretrial motion to modify conditions of confinement is similar to a motion to reduce bail in that "[r]elief ... must be speedy if it is to be effective." See Stack v. Boyle, 342 U.S. 1, 4 (1951) (reviewing Eighth Amendment claim of excessive bail, which would become moot after trial). Nevertheless, while a defendant has a right not to be required to pay excessive bail, he has no right to be confined to a general prison population cell. See Hewitt v. Helms, 459 U.S. 460, 466-468 (1982) (no protected liberty interest in continuing to reside in general prison population).
 
 
 6
 Because the denial of Duque's motion to be placed with the general prison population does not entail a protected right that would be irretrievably lost, review under the collateral order doctrine is not appropriate.[1] See Mesa, 813 F.2d at 962.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Relying on United States v. Roth, 912 F.2d 1131 (9th Cir.1990), Duque also argues this court has jurisdiction because the denial of his motion was, in essence, the denial of an injunction and therefore appealable under 28 U.S.C. 1292(a)(1). In Roth, however, the pretrial order restraining assets under the Comprehensive Forfeiture Act had to satisfy all the requirements for a preliminary injunction under Federal Rule of Civil procedure 65. Roth, 912 F.2d at 1132-33. Accordingly, Roth does not apply to the circumstances of the instant case