92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY DESCRIBED AS LOT 18; et al., Defendants,
Panos Anastasiou, Appellant.
 No. 93-35420.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Withdrawn from Submission Oct. 18, 1994.
Resubmitted July 16, 1996.
Decided July 18, 1996.
 
 Before: PREGERSON, CANBY, and BOOCHEVER.
 ORDER
 This case is ordered resubmitted as of July 16, 1996.
 MEMORANDUM**
 Panos Anastasiou appeals pro se the district court's judgment ordering forfeiture of his real and personal property.
 1. Jurisdiction
 The judgment of forfeiture in this case was entered on April 12, 1993. Anastasiou filed a notice of appeal on April 26, 1993. Four days later, on April 30, he moved to compel the government to pay interest on $31,000 turned over to the IRS subject to a levy for back taxes. The district court assumed jurisdiction and denied the motion. Anastasiou did not file another notice of appeal.
 This presents an initial issue of this court's jurisdiction over Anastasiou's appeal. Under the version of Fed.R.App.P. 4(a)(4) in effect before December 1, 1993, a notice of appeal filed before the determination of any motion to alter or amend the judgment had no effect, and a new notice of appeal had to be filed after the entry of the order disposing of the postjudgment motion. Munden v. Ultra-Alaska Assoc., 849 F.2d 383, 385 (9th Cir.1988) (notice of appeal a nullity when filed before district court's order disposing of motion challenging costs awarded). Viewing Anastasiou's motion to compel interest as a motion to amend the forfeiture judgment, under this former version of Rule 4(a)(4) his failure to file another notice of appeal following the district court's ruling on the motion would mean this court has no jurisdiction over his appeal. Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 617 (9th Cir.1993) (requirement of filing notice of appeal is jurisdictional).
 The version of Rule 4(a)(4) in effect since December 1, 1993, however, provides "A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order ... until the date of the entry of the order disposing of the last such motion outstanding." Under the current rule, Anastasiou's early notice of appeal thus would "be in abeyance and become effective upon the date of entry of an order disposing of the ... motion." Schroeder v. McDonald, 55 F.3d 454, 458 (9th Cir.1995); see Burt v. Ware, 14 F.3d 256, 258 (5th Cir.1994) (per curiam).
 The Supreme Court mandated that the amended rules be applied to all proceedings in appellate cases pending at the time of the amendment " 'insofar as just and practicable.' " Schroeder, 55 F.3d at 459 (quoting 61 U.S.L.W. 5365 (U.S.L.W. Apr. 27, 1993)). Because the parties briefed this case thoroughly, and no prejudice to the government resulted from the failure to file a second notice of appeal, we apply the amended rule retroactively. See id. at 459-60; Burt, 14 F.3d at 259-60. Anastasiou's notice of appeal thus was timely, and we have jurisdiction over this appeal.
 2. Double Jeopardy
 Anastasiou argues that his criminal conviction and the subsequent forfeiture of his property punished him twice for the same offense, and thus violated the Double Jeopardy Clause. The Supreme Court has recently held that civil forfeiture does not constitute "punishment" for purposes of double jeopardy. United States v. Usery, 1996 WL 340815 (U.S. June 24, 1996) (No. 95-345).
 3. Stay of the Forfeiture Proceeding
 The district court stayed the forfeiture proceeding on September 21, 1990, and lifted the stay on May 23, 1991, a month after final judgment in Anastasiou's criminal case. The stay was pursuant to 21 U.S.C. § 881(i), which provides that "the filing of an indictment or information alleging a violation of this subchapter ... which is also related to a civil forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the civil forfeiture proceeding."
 Anastasiou never opposed the government's motion to stay the civil forfeiture action, nor did he file a motion for relief from the stay. We therefore do not consider this issue. See Ratanasen v. California Dept. of Health Servs., 11 F.3d 1467, 1473 (9th Cir.1993) (court of appeals will usually not consider an issue not raised below unless injustice will result or public policy requires it).
 
 4. Probable Cause
 
 1
 Anastasiou challenges the probable cause for the search and seizure of his property, and the probable cause for the forfeiture of his property.
 
 A. Probable Cause for Search and Seizure
 
 2
 Anastasiou contests the government's initial seizure of the $195,000 from the Century 21 trust account, because the money was commingled with other funds, and the dog sniff was not probative evidence. He also appears to challenge the search of his home. Anastasiou claims these actions violated the Fourth Amendment.
 
 
 3
 The Fourth Amendment exclusionary rule applies in civil forfeiture proceedings. United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1063 (9th Cir.1994). By his own admission, however, Anastasiou never moved to suppress the evidence in the district court. This precludes him from claiming on appeal that the search and seizure were illegal. United States v. $30,440 in U.S. Currency, 2 F.3d 328, 330 (9th Cir.1993) (as amended), cert. denied, 114 S.Ct. 1329 (1994); see United States v. Thirteen Thousand Dollars in United States Currency, 733 F.2d 581, 585 (8th Cir.1984) (claimants in civil forfeiture action cannot challenge admissibility of evidence on appeal when they did not obtain a court ruling on the Fourth Amendment issue at trial).
 
 B. Probable Cause for Forfeiture
 
 4
 Anastasiou also argues that the district court erred in finding probable cause for the forfeiture of his property. This court reviews de novo the district court's determination of probable cause for forfeiture. United States v. $29,959.00 U.S. Currency, 931 F.2d 549, 553 (9th Cir.1991).
 
 
 5
 Probable cause in a forfeiture proceeding can be shown by an "aggregate of the facts." United States v. Roth, 912 F.2d 1131, 1134 (9th Cir.1990). The government must show less than prima facie proof, but more than mere suspicion. Id. The burden then shifts to the claimant to show by a preponderance of the evidence a legitimate source for the funds. Id.; $191,910, 16 F.3d at 1069. Under 19 U.S.C. § 1615, which establishes the procedures for forfeiture actions, the government must have probable cause at the time it instituted the forfeiture proceedings; it cannot rely on any evidence acquired after the filing of the forfeiture complaint. $191,910.00, 16 F.3d at 1066, 1071.
 
 
 6
 Anastasiou argues that because the dog sniff and laboratory tests of the Century 21 money were unreliable, the search of his home turned up no drugs, and his confession that he sold drugs was known to the government only after the search of his home, there was no probable cause to forfeit his property under 21 U.S.C. § 881(a)(7), which provides for the forfeiture of real property used to commit or facilitate the commission of a drug offense. He cites the wrong section of the statute. His property was forfeited under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of
 
 
 7
 All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter....
 
 
 8
 Under § 881(a)(6), the government need not show probable cause to believe that the property was used to facilitate a drug transaction, but rather that the real property was purchased with proceeds traceable to drug transactions. See United States v. Federal Nat'l Mortgage Ass'n, 946 F.2d 264, 265 (4th Cir.1991) (as amended) (contrasting §§ 881(a)(6) and (a)(7)). It is therefore not dispositive whether drugs were found in Anastasiou's home. See United States v. Padilla, 888 F.2d 642, 644 (9th Cir.1989) (evidence apart from drugs or drug paraphernalia may establish probable cause for forfeiture under § 881(a)(6)).
 
 
 9
 The forfeiture complaint was filed May 25, 1990. Agent Cayford's supporting affidavit detailed Anastasiou's admission that his source of income from 1983-87 was from the sale of cocaine; a 1987 shipment by mail of 11 glass vials of cocaine by Anastasiou to Fairbanks, Alaska; a 1988 tip to Alaska State Troopers that "Fred Baylog" was dealing cocaine from 906 West 29th Place, No. 2, in Anchorage, the address on Anastasiou's drivers' license; Anastasiou's statement in his Alaska Permanent Fund Dividend application that he did not work from 1985-1989; the lack of any inheritance from Anastasiou's mother's estate; the details of the $195,000 transaction with Century 21, including the dog sniff and lab analysis of the currency showing the presence of cocaine; the April 25, 1990 anonymous letter describing the location and contents of the safe at Anastasiou's house; the inventory list from the search of Anastasiou's home; Anastasiou's flight from the house when he returned during the search; and the statement of a source that claimed to have bought cocaine from Anastasiou from 1984-1986.
 
 
 10
 We hold that the evidence at the time the forfeiture complaint was filed was sufficient to establish probable cause for forfeiture. The aggregate of the facts justify more than mere suspicion that the money in the Century 21 account, the house (purchased at the beginning of 1989), and the personal property were traceable to the proceeds of drug transactions, given Anastasiou's admission that his only source of income between 1983 and 1987 was the sale of drugs, the statements from sources indicating that Anastasiou continued to sell drugs, and his own statements that he was unemployed. A dog sniff alone might not have been probable cause for the seizure of the $195,000. See United States v. U.S. Currency, $30,060.00, 39 F.3d 1039, 1042-43 (9th Cir.1994) (dog alert may be insufficient unless other credible evidence connects money to drugs). Nevertheless, there was enough additional evidence to establish probable cause to believe that Anastasiou's assets were derived from the proceeds of drug transactions.
 
 
 11
 Further, Anastasiou introduced no evidence that the real and personal property were obtained with funds from legitimate activity, other than his insistence that other parties loaned him some of the funds. Those other parties' claims were withdrawn or dismissed as discussed below.
 
 
 12
 5. Forfeiture of $50,000 initially claimed by Anastasiou's father
 
 
 13
 Anastasiou's father filed and later withdrew a claim to $50,000 of the value of the real property. After his father withdrew his claim, Anastasiou attempted to amend his claim to include the $50,000, and the district court denied his motion to amend. He now claims he was entitled to be treated as a "bailee" of the $50,000, apparently believing it should have been returned to him for eventual delivery to his father.
 
 
 14
 A bailee may assert a claim to forfeited property on behalf of a person entitled to possession if the bailee is authorized to make the claim and names the owner of the property. See United States v. $260,242.00 United States Currency, 919 F.2d 686, 688 (11th Cir.1990) (per curiam); $191,910.00, 16 F.3d at 1058 n. 12. Here, however, the claim relates to an interest in real property, while a bailment relates only to goods or personal property. Further, Anastasiou was not authorized to assert a claim on behalf of his father, who withdrew his claim and explicitly stated that the $50,000 should be forfeited to the government. The $50,000 was properly forfeited.
 
 6. $100,000 in legitimate income
 
 15
 Anastasiou also claims the district court erred in forfeiting all of the property, as he had $100,000 in legitimate income during the years that he dealt drugs.
 
 
 16
 This assertion is without support. The district court initially refused to grant the government's summary judgment motion on Anastasiou's personal property, stating that there remained a material question of fact whether Anastasiou had approximately $100,000 in pension fund proceeds and gifts from his parents during that period. The district court never actually found that $100,000 was immune from forfeiture, however, and Anastasiou provides no evidence of which forfeited property is traceable to the funds he claims were legitimate. He must do more than simply challenge the government's probable cause; he must file affidavits or other evidence of legitimate sources of income. See United States v. Two Tracts of Land in Cascade County, Montana, 5 F.3d 1360, 1362 (9th Cir.1993). Nor did Anastasiou file a claim to assets worth $100,000 within the required 10-day period after the notice of forfeiture. United States v. Vacant Land Located at 10th St. and Challenger Way, 15 F.3d 128, 130 (9th Cir.1993) (as amended) (under applicable rule claimant must file claim 10 days after process executed against the property). As we stated above, there was probable cause for the forfeiture of all the property.
 
 7. $31,000 subject to tax levy
 
 17
 Anastasiou's initial claim stated that $31,000 of the $195,000 seized from the Century 21 trust account was from loans obtained from individuals; during the proceedings, he submitted promissory notes from the individuals. Before the final order of forfeiture, the government moved to dismiss the $31,000. The court granted the motion. The $31,000 was dismissed subject to an IRS levy for back taxes, and was turned over directly to the IRS. Anastasiou claims that the $31,000 should have been returned to the individuals who loaned him the money, rather than to him directly, thus avoiding the IRS levy. The individuals never filed formal claims to the money.
 
 
 18
 Anastasiou's initial claim stated that he claimed the $31,000 as its borrower, or alternatively, as the bailee for named individuals who made the loans and who authorized him to act as bailee. Anastasiou's alternative claims are inconsistent. See United States v. $38,000.00 in United States Currency, 816 F.2d 1538, 1542-44 (11th Cir.1987) (claimant who borrowed money was owner; claimant transporting currency for delivery to another was bailee with possessory interest). Anastasiou presents no facts to support his claim that he was a bailee. We hold the money was properly returned to him and subjected to the levy. See 26 U.S.C. § 6323 (tax liens have priority over unsecured claims to the same property).
 
 
 19
 Anastasiou also contends that he should have been paid interest on the returned $31,000. Section 881(a)(6) contains an "innocent owner" exception, which states "no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." A claimant qualifies as an innocent owner by proving "by a preponderance of the evidence that he neither knew of nor consented to the activity on which the forfeiture action is based." United States v. Real Property Located at Section 18, Township 23, 976 F.2d 515, 520 (9th Cir.1992). When the government returns property to an innocent owner, the owner is entitled to post-seizure interest on the property. See Federal Nat'l Mortgage Ass'n, 946 F.2d at 266-67; United States v. Real Property Titled in the Name of Shashin, Ltd., 680 F.Supp. 332, 336-37 (D.Hawaii 1987).
 
 
 20
 Here the property was not returned to an "innocent owner," but to Anastasiou. He is not entitled to interest. If his argument is that the individuals who made the loans deserve interest, that argument also fails, because those individuals did not file claims to their loan amounts.
 
 8. Vindictive and malicious prosecution
 
 21
 Anastasiou claims vindictive and malicious prosecution, based on the government's seizure of pornographic pictures and videotapes from his home, and on the questions of the assistant United States attorney ("AUSA") during his deposition regarding the sexual orientation of Anastasiou's brother. Anastasiou moved to censure the AUSA for the inappropriate questions, and the court issued a written reprimand finding discovery abuse but declining to order sanctions.
 
 
 22
 Anastasiou's claim of vindictive prosecution, strictly speaking, does not apply to this civil case. He does not point to any reference in the record below to the pornographic videotapes. We therefore do not address the tapes.
 
 
 23
 His remaining argument alleges an abuse of discovery. His objections to the AUSA's questions were raised and heard below, and the district court ruled that the AUSA "went too far." He asks for no additional specific sanctions or relief on appeal, and none are in order.
 
 9. Limiting the amount forfeited
 
 24
 Anastasiou stipulated in his plea agreement that he distributed more than 500 but less than 2000 grams of cocaine throughout the conspiracy. He claims on appeal that he cannot be made to forfeit more than the value of the cocaine he sold, or $190,000, representing 1900 grams at $100 per gram.
 
 
 25
 The precise monetary value of the cocaine that Anastasiou admitted to selling in his criminal case, however it may be determined, does not constitute the upper limit on the amount of his property subject to civil forfeiture. Exact correspondence between the conviction and the forfeiture is not required. See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 361-62 (1984) (acquittal on criminal charges does not estop government from proving in civil prosecution that preponderance of evidence showed property was forfeitable).
 
 
 26
 Anastasiou's opening brief also cites Austin v. United States, 509 U.S. 602 (1993). In Austin, the Supreme Court held that the Excessive Fines Clause of the Eighth Amendment applied to forfeitures under §§ 881(a)(4) (which provides for the forfeiture of conveyances used to facilitate drug offenses) and (a)(7) (which, as explained above, provides for forfeiture of real property used to facilitate drug offenses). Under Austin, forfeitures under those statutes are subject to review for excessiveness under the Eighth Amendment. Usery, 1996 WL 340815 at * 12.
 
 
 27
 Anastasiou made no claim below explicitly based on the Eighth Amendment, nor did he argue that the forfeiture was generally excessive. Austin was decided two months after the final judgment of forfeiture.
 
 
 28
 This court can consider issues raised for the first time on appeal if injustice might otherwise result, or if public policy requires. Ratanasen, 11 F.3d at 1473. No such possible miscarriage of justice is present here. First, the forfeiture of Anastasiou's goods was not under the statute sections addressed in Austin but under § 881(a)(6), which forfeits the proceeds of drug transactions. Several courts of appeals have held that Austin does not apply to § 881(a)(6). See, e.g., United States v. $184,505.01 in United States Currency, 72 F.3d 1160, 1168-69 (3d Cir.1995), petition for cert. filed, 64 U.S.L.W. 3669 (U.S. Mar. 28, 1996) (No. 95-1575); United States v. Salinas, 65 F.3d 551, 553 (6th Cir.1995); United States v. Tilley, 18 F.3d 295, 300 (5th Cir.), cert. denied, 115 S.Ct. 573 (1994).
 
 
 29
 Second, Anastasiou makes no argument that the forfeiture in this case is clearly excessive, a requirement under Austin 's analysis. See Usery, 1996 WL 340815 at * 14.
 
 
 30
 We therefore do not decide whether to apply Austin to this case, and decline to address the Eighth Amendment issue.
 
 10. Hearing before seizure of real property
 
 31
 In the district court, Anastasiou made vague allegations that the forfeiture proceeding violated his constitutional rights, but never argued that he was entitled to notice and a hearing prior to seizure. Anastasiou's opening brief on appeal states that he was denied due process because he was denied an evidentiary hearing to rebut the Cayford affidavit, which was the basis for the seizure of his home and personal property. After he filed his opening brief and the government filed its reply, the Supreme Court decided United States v. James Daniel Good Real Property, 510 U.S. 43, 114 S.Ct. 492 (1993), which Anastasiou brought to the court's attention and addressed in his reply brief on appeal.
 
 
 32
 In Good, the Supreme Court held that the seizure of real property for forfeiture under § 881(a)(7) without prior notice and hearing violates due process: "Unless exigent circumstances are present, the Due Process Clause requires the Government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture." 510 U.S. at ----, 114 S.Ct. at 505. Good applies retroactively. United States v. Real Property Located at 20832 Big Rock Drive, 51 F.3d 1402, 1405-06 (9th Cir.1995).
 
 
 33
 Anastasiou did not receive notice or a hearing before his home was seized on April 27, 1990. Under Good, that violated Anastasiou's right to due process, but does not require reversal of the forfeiture. Instead, Good requires the exclusion at trial of the evidence derived from the forfeiture, and the government is responsible for any rents accrued during the illegal seizure. 20832 Big Rock Drive, 51 F.3d at 1406.
 
 
 34
 In this case, the evidence introduced at trial was not found as the result of the seizure of the house, but when the house was searched earlier pursuant to a warrant. As discussed above, Anastasiou did not challenge the lawfulness of that search, and cannot do so now. There is therefore no evidence that should have been excluded at trial.
 
 
 35
 We remand to the district court for Anastasiou to argue the damages he is due in compensation for the unconstitutional seizure of his home, up until the final forfeiture order. The district court should determine "the appropriate monetary or other relief, if any, for loss of use and enjoyment to which [Anastasiou] is entitled for the illegal seizure of his property," beginning with the illegal seizure and ending when the final forfeiture judgment was rendered. United States v. Real Property Located in El Dorado County, 59 F.3d 974, 981 & n. 5 (9th Cir.1995) (as amended).
 
 CONCLUSION
 
 36
 We AFFIRM, with a remand to the district court for determination of the compensatory damages, if any, for the due process violation under Good.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3