[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 95-3679

———————————

D. C. Docket No. 94-215-Civ-FtM-21D

KAREN ROBERTS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Middle District of Florida

———————————

**(May 29, 1998)**

Before TJOFLAT and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

In this case, a third party with a claimed interest in real property that is currently the subject of a protective order in a criminal forfeiture proceeding has filed a separate civil suit against the United States concerning the property. She claims that the restraint on her property in the criminal case is an unconstitutional taking without due process in violation of the Fifth Amendment, and asks for declaratory and "other appropriate" relief.

We hold that this suit is clearly barred under 21 U.S.C. § 853(k)(2), and that appellant may properly raise her constitutional claims only before the court that restrained her property in the criminal forfeiture proceeding. We therefore dismiss this case.

I.

On November 10, 1993, a federal grand jury in the Middle District of Florida returned an indictment against Forrest Roberts and several co-defendants, charging them with criminal activity related to a cocaine-smuggling operation. The indictment also sought criminal forfeiture, under 21 U.S.C. § 853(a) (1994), of the defendants' interests in all property "constituting and derived from any proceeds" from their crimes, as well as all property "used and intended to be used" to facilitate those crimes. The indictment identified five parcels of real estate, all located in Florida, as being forfeitable on either or both of these grounds. Forrest has fled the Middle District of Florida and is currently a fugitive from justice.

On April 18, 1994, the United States filed a "Bill of Particulars" identifying twelve additional parcels of real estate, all located in Georgia, that the United States claimed were subject to forfeiture as a result of Forrest's criminal activities. Forrest had conveyed seven of

2

these parcels to his daughter, Cynthia Roberts Cason; Karen Roberts ("Roberts"), Forrest's wife, was the owner of record of the remaining five parcels. On April 23, the United States filed Notices of Lis Pendens for each of the properties identified in the Bill of Particulars.[1]

On July 1, 1994 Karen Roberts brought this suit in the United States District Court for the Middle District of Florida against the United States, claiming that the Lis Pendens the United States had filed constituted an unlawful restraint on her parcels. She sought a declaratory judgment that the Lis Pendens was null and void because it concerned properties not specifically listed in the criminal indictment. While Roberts' suit was pending in the district court, the Government moved for a protective order restraining the twelve properties listed in the Bill of Particulars in the criminal forfeiture case under 21 U.S.C. § 853(e) (1994); the motion was granted following an ex parte hearing.

On October 13, 1995, the district judge presiding over the instant case granted the Government's motion for summary judgment against Roberts. Roberts now appeals that judgment.

## II.

This suit is clearly barred under 21 U.S.C. § 853(k) (1994), the criminal forfeiture provision of the Continuing Criminal Enterprise statute, which states:

---

[1] According to documents filed by the United States as part of the supplemental record on appeal in the instant case the United States has filed a suit in the Northern District of Georgia seeking the civil forfeiture of the seven parcels conveyed by Forrest to his daughter. These supplemental documents, mainly pleadings filed in the criminal case pending against Forrest in the Middle District of Florida, do not indicate the status of this civil forfeiture action; nor does the Government suggest how the civil forfeiture action is relevant to the issues raised in this appeal.

Except as provided in subsection (n) of this section,[2] no party claiming an interest in property subject to forfeiture under this section may –

(1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or

(2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

Under the plain meaning of section 853(k)(2), Roberts may not bring this civil action against the United States.

Roberts, however, claims that section 853(k)(2) is unconstitutional as applied to her case because the defendant in the criminal forfeiture case, Forrest, is a fugitive. She reasons that Forrest may never be brought to justice; thus, because the defendant must be convicted before an order of criminal forfeiture can issue, see United States v. Crozier, 777 F.2d 1376, 1383 (9th Cir. 1985), she may never be able to challenge the United States' restraint on her property in the criminal case. She claims, therefore, that if she is barred under section 853(k)(2) from bringing this civil suit, she will be unable to obtain redress for the United States' alleged violation of the Fifth Amendment by taking her property without affording her a hearing within a "meaningful time." See Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)

---

[2] Subsection (n) allows a third party to challenge a final order of forfeiture entered under section 853. See 21 U.S.C. § 853(n) (1994).

("A fundamental requirement of due process in the opportunity to be heard.  It is an opportunity which must be granted at a meaningful time and in a meaningful manner." (internal quotation marks and citation omitted)).[3]  Roberts also claims that the United States has violated the Fifth Amendment by failing to give her sufficient notice of a taking because her properties were not specifically identified in the criminal indictment.

Regardless of any possible merit in Roberts' due process claims, we still may not entertain Roberts' civil suit.  The remedy she seeks by raising those claims – a lifting of the lis pendens and the protective order – is properly sought only in the court in which the criminal forfeiture case is pending.  Before the protective order issued, Roberts could have filed a motion to dissolve the lis pendens in the criminal case.  After the protective order issued, Roberts could have filed a motion to vacate the protective order.[4]  See S. Rep. No. 98-225, at 203, reprinted in

---

[3]  Roberts bases this argument on United States v. $8,850.00, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), in which the Supreme Court stated that the Barker test, originally developed to determine when the United States has denied a defendant his Sixth Amendment right to speedy trial, see Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), also "provides an appropriate framework for determining whether [a delay between entrance of a protective order and final determination of forfeiture] violate[s] the due process right to be heard at a meaningful time." $8,850.00, 461 U.S. at 564, 103 S.Ct. at 2012.  She claims that with this statement, the Supreme Court recognized that any person whose property is restrained under § 853(e) is entitled to a post-restraint adversarial hearing under the Due Process Clause.  See also United States v. Crozier, 777 F.2d 1376 (9th Cir. 1985) (holding, on the facts of the case, that the Fifth Amendment Due Process Clause required a post-restraint hearing for a criminal defendant and a third party whose property was restrained under § 853(e)).  We note that these "supporting" cases were appeals from the denial of a motion seeking relief from a protective order, see discussion infra.

[4]  According to documents filed by the United States as part of the supplemental record on appeal, Roberts filed a motion to vacate the protective order on April 17, 1995.  At a hearing conducted by a federal magistrate judge, Roberts withdrew her objection to the restraints placed on the five parcels that are the subject of the instant case, apparently in favor of pursuing her objections here. The district judge presiding over the criminal forfeiture case entered an order granting Roberts' motion in part in October of 1995; the order reflected Roberts' change of heart

5

1984 U.S.C.C.A.N. 3182, 3386 ("[18 U.S.C. § 1963(d)][5] does not exclude . . . the authority to hold a hearing subsequent to the initial entry of the order and the court may at that time modify the order or vacate an order that was clearly improper (e.g., where information presented at the hearing shows that the property restrained was not among the property named in the indictment).") (cited in United States v. Bissell, 866 F.2d 1343, 1349 (11th Cir. 1989) (§ 853 case)).[6] A denial of that motion would be reviewable as an interlocutory order under 28 U.S.C. § 1292(a)(1), see United States v. Gelb, 826 F.2d 1175, 1176 (2d Cir. 1987) (comparing a 18 U.S.C. § 1963(d) order to a preliminary injunction for jurisdictional purposes); see also United States v. Monsanto, 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (entertaining appeal from denial of motion to vacate protective order under § 853(e)), and would thus provide sufficient protection for Roberts' Due Process rights. Roberts may not now collaterally attack the injunctions issued by the court in the criminal forfeiture case by filing a separate civil suit.

III.

---

with regard to the five parcels.

[5] 18 U.S.C. § 1963(d) is identical to 21 U.S.C. § 853(e). The former governs protective orders in criminal forfeiture cases brought under the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. § 1961 et seq. (1994); the latter governs protective orders in criminal forfeiture cases brought under the Continuing Criminal Enterprise statute, 21 U.S.C. § 848 et seq. (1994) (governing continuing criminal enterprises involving major drug offenses). Courts interpret both provisions under the same case law.

[6] It seems clear that Congress meant to preserve the right of all persons affected by protective orders – including third parties – to challenge those orders as they would any injunction, as long as no party asks the court "to entertain challenges to the validity of the [underlying criminal] indictment." 1984 U.S.C.C.A.N. at 3386; see also United States v. Real Property in Waterboro, 64 F.3d 752, 756 (1st Cir. 1995) ("[A] direct challenge to the validity of the indictment cannot be heard in a restraining order proceeding.").

The district court's judgment dismissing this case is therefore

AFFIRMED.