United States Court of Appeals
For the Eighth Circuit

_____

No. 19-1084
_____

Steven L. Wirtz,

*Plaintiff - Appellant*,

v.

Specialized Loan Servicing, LLC,

*Defendant - Appellee.*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 20, 2020
Filed: February 11, 2021
_____

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Steven Wirtz sued Specialized Loan Servicing, LLC, alleging violations of the Real Estate Settlement Procedures Act (RESPA) and the Minnesota Mortgage Originator and Servicer Licensing Act (MOSLA). This court previously held that Wirtz failed to establish an essential element of his claim under RESPA, and remanded the case for further proceedings on his claim under the Minnesota statute.

*Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 720-21 (8th Cir. 2018) (*Wirtz I*). On remand, the district court[1] granted summary judgment in favor of Specialized. Wirtz appeals, and we affirm. Wirtz did not present sufficient evidence that he was injured by Specialized's conduct, and thus did not create a genuine dispute of material fact on an element of his state-law claim.

I.

The federal statute, RESPA, imposes various duties on mortgage loan servicers. *See* 12 U.S.C. § 2605. One of those duties is to respond appropriately to certain borrower inquiries, called qualified written requests. *Id.* § 2605(e). If a servicer fails to comply with its duty to respond appropriately to a qualified written request from a borrower, then that borrower is entitled to "any actual damages to the borrower as a result of the failure." *Id.* § 2605(f)(1)(A).

The Minnesota statute, MOSLA, provides that no residential mortgage servicer shall "violate any provision of any . . . federal law regulating residential mortgage loans." Minn. Stat. § 58.13, subdiv. 1(a)(8). "A borrower injured by a violation of" any federal law regulating residential mortgage loans "shall have a private right of action." *Id.* § 58.18, subdiv. 1. That borrower is entitled to (1) actual, incidental, and consequential damages, (2) statutory damages, (3) punitive damages, if appropriate, and (4) court costs and reasonable attorney's fees. *Id.*

This case arose from Specialized's responses to Wirtz's qualified written requests for information about the status of his mortgage loan. Wirtz secured a mortgage loan in August 2001. Specialized began to service the loan after an assignment in June 2013. Based on its review of Wirtz's payment history dating back

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

only to June 2011, Specialized sent Wirtz a notice that he was behind on his payments.

Wirtz disputed Specialized's notice, but the company responded that Wirtz's account was one month delinquent in June 2011, that he had missed two payments to a former servicer in February 2012 and February 2013, and that he had made an extra payment in May 2012. On this view, Wirtz's account was two months delinquent.

Wirtz's counsel sent three qualified written requests to Specialized in November 2013, asking for information regarding Wirtz's loan, including the payment history for the loan "from origination to present." Specialized responded by explaining that Wirtz needed to provide certain records if he wished to convince Specialized that his account was current.

Wirtz's counsel sent two more qualified written requests, in which he provided Specialized with a copy of Wirtz's loan payment history and bank records from January 2012 to November 2013. These letters reiterated Wirtz's claim that Specialized's reporting of the account was incorrect. Wirtz paid eighty dollars for the bank records and requested reimbursement for that expense. He also demanded that Specialized reimburse the attorney's fees that he incurred to resolve the matter. Specialized responded by repeating its position on Wirtz's account.

Wirtz then sued Specialized, alleging that it violated RESPA and MOSLA by failing to respond adequately to his qualified written requests. The district court initially granted summary judgment for Wirtz, but this court reversed. *See Wirtz I*, 886 F.3d at 720-21. We concluded that Specialized violated RESPA when it did not provide Wirtz's pre-2011 payment history upon his request and then failed to conduct a reasonable investigation of that history even after Wirtz provided it. *Id.* at 718.

We nonetheless reversed the grant of summary judgment for Wirtz, because he "did not present evidence of damages resulting from Specialized's failures to comply with RESPA," and thus failed to prove an essential element of his federal claim. *Id.* at 720. The district court's award of eighty dollars in actual damages "was based on Wirtz's expense to obtain a copy of his bank statements from January 16, 2012, through November 17, 2013," but these records related "to a separate dispute between Wirtz and Specialized over whether Wirtz failed to make loan payments in February 2012 and February 2013." *Id.* at 719. Specialized complied with its duties under RESPA in responding to Wirtz's inquiries about payments in 2012 and 2013, so Wirtz's expense to obtain bank statements from that period was not "a result of" Specialized's failures to comply with RESPA as to the pre-2011 period. *Id.*; *see* 12 U.S.C. § 2605(f)(1)(A).

The district court initially determined that because Specialized violated RESPA, Wirtz was entitled to judgment under MOSLA as well. But the parties had not briefed the meaning of MOSLA on appeal, so we remanded the case for further proceedings on Wirtz's claim under the Minnesota statute. *Wirtz I*, 886 F.3d at 721.

On remand, the district court explained that Wirtz's claim under MOSLA was premised on the RESPA violation, and granted summary judgment for Specialized. The district court concluded that "Wirtz's lack of injury [was] fatal to his claim under MOSLA." Wirtz argued that the eighty dollars he paid for bank statements could constitute "injury" under MOSLA, even though it was not actual damages under RESPA. But the district court reasoned that because "[t]he MOSLA violation is predicated solely on the RESPA violation," if there "were no actual damages under RESPA, then there are no actual damages under MOSLA."

Wirtz appeals and argues that the district court erred in concluding that he was not injured by Specialized's violation of MOSLA. We review the district court's

grant of summary judgment *de novo*. *Barcomb v. General Motors LLC*, 978 F.3d 545, 548 (8th Cir. 2020).

II.

Specialized violated the federal statute, RESPA, when it failed to investigate Wirtz's pre-2011 payment history and provide him with the information that he requested. *Wirtz I*, 886 F.3d at 718. MOSLA, in turn, prohibits residential mortgage servicers from "violat[ing] any provision of any . . . federal law regulating residential mortgage loans." Minn. Stat. § 58.13, subdiv. 1(a)(8). But the Minnesota statute provides a private right of action only if a person is "injured by" a violation of RESPA. *Id.* § 58.18, subdiv. 1.

Relying primarily on *Gretsch v. Vantium Capital, Inc.*, 846 N.W.2d 424 (Minn. 2014), Wirtz contends that he is entitled to statutory remedies under the Minnesota statute simply because Specialized violated RESPA. *Gretsch* does not support that proposition. The "sole issue" in *Gretsch* was whether a plaintiff had "standing" to pursue a claim under MOSLA. 846 N.W.2d at 427. The Minnesota Supreme Court concluded that because MOSLA gives borrowers a private right of action to sue for violations of its provisions, a borrower has standing to pursue a claim if she "alleges a violation of section 58.13," which sets forth standards of conduct for a loan servicer. *Id.*

In *Gretsch*, however, the plaintiff alleged both that the servicer violated § 58.13, and that the violation "result[ed] in the premature foreclosure of her home and *injury to her*." *Id.* (emphasis added). Under the procedural posture of the case, the court accepted the plaintiff's allegations as true. *Id.* at 427 n.1, 429 n.4. Because the plaintiff in *Gretsch* adequately alleged that she was injured by the servicer's violation, the decision does not establish that a plaintiff may proceed under MOSLA based on a servicer's bare violation of RESPA.

-5-

Wirtz maintains that a borrower may be "injured by" the conduct of a servicer without sustaining actual damages. He contends that the legislature distinguished between the two concepts by defining the right of action in terms of whether the borrower was "injured" and listing "actual damages" separately as a possible remedy. The remedies provision, however, also allows for recovery of "incidental" and "consequential" damages. Minn. Stat. § 58.18, subdiv. 1. The more natural inference is that "injured by" is an umbrella term that encompasses several types of damages, not that the phrase "injured by" requires no actual injury. The borrower's injury must be something more than court costs and reasonable attorney's fees that are generated in litigation under MOSLA. Otherwise, the statute would permit a borrower to create an injury by filing a lawsuit based on a violation that caused no injury.[2]

Wirtz next contends that even if he must show more than a bare statutory violation, there is a genuine dispute of material fact as to whether he was "injured by" Specialized's conduct. He cites eighty dollars that he paid for bank statements and late fees charged by Specialized. Neither of these asserted harms, however, constitutes an injury that was caused by Specialized's statutory violation—*i.e.*, the failure to investigate Wirtz's pre-2011 loan payment history.

Wirtz's reliance on the eighty dollars that he paid for bank statements from 2012 to 2013 is foreclosed by *Wirtz I*. Those bank records "relate[d] to a separate dispute between Wirtz and Specialized over whether Wirtz failed to make loan payments in February 2012 and February 2013." *Wirtz I*, 886 F.3d at 719. Specialized complied with RESPA when it asked Wirtz to provide cancelled checks to show that the former servicer received and processed payments from February

---

[2]Wirtz suggests that we should certify to the Minnesota Supreme Court the question whether a successful right of action under § 58.13 requires proof of anything more than a statutory violation. Whether to certify, however, is a matter of discretion, *Johnson v. John Deere Co.*, 935 F.2d 151, 153 (8th Cir. 1991), and we conclude that the plain meaning of "injured by" provides sufficient guidance to adjudicate the case.

2012 and 2013.  *Id.*; *see also* 12 C.F.R. § 1024.35(e)(2).  Because Wirtz did not pay eighty dollars for these bank statements "'as a result of' Specialized's failure to investigate and provide information about the pre-2011 payment history," *Wirtz I*, 886 F.3d at 719, he was not injured by that failure when he paid for the bank statements in response to a separate, lawful request by Specialized.

Wirtz abandoned his claim of injury due to late fees.  When Wirtz moved for summary judgment, he argued that he suffered $418.17 in damages in the form of late fees because of Specialized's misconduct.  The district court noted that those fees "may constitute damages," but it was "unable to determine what, if any, damages should be awarded," because Specialized had waived some of the fees.  The court directed the parties to submit information sufficient to resolve the issue.  In his briefing on damages, however, Wirtz said that he would take Specialized "at its word that it ha[d] credited him back other fees charged," and limited his claim for lender fees to a $50 "corporate advance fee" charged on April 28, 2015.  The district court concluded that Wirtz was not entitled to recoup that corporate advance fee, and Wirtz does not dispute that conclusion on appeal.

Given what he said in the district court, Wirtz cannot now revive his claim of injury based on late fees.  Wirtz contends that he did not abandon the claim because his request that Specialized correct his account incorporated the late fees.  But he told the district court that he did not dispute Specialized's representation that it had credited the late fees, and a general request to correct his account does not overcome the specific waiver.

Wirtz raised two other claims of injury—alleged harm to his credit status and expenses incurred to investigate Specialized's notice of delinquency—for the first time at oral argument.  As these issues were not properly briefed, we decline to consider them.  *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008).

For these reasons, Wirtz failed to establish a genuine issue of material fact as to whether he was "injured by" Specialized's violation of RESPA. Therefore, the district court properly dismissed his claim under MOSLA.

The judgment of the district court is affirmed.

_____