# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2217
_____

United States of America

*Plaintiff - Appellee*

v.

Neil Suresh Chandran

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: March 20, 2026
Filed: May 19, 2026

_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Neil Chandran was indicted for wire fraud and money laundering. The indictment also alleged that certain property was forfeitable, and the Government restrained much of that property. Over Chandran's objection, the district court[1]

---

[1]The Honorable Susan M. Bazis, United States District Judge for the District of Nebraska.

issued a set of pretrial orders enabling the Government to maintain custody of the property. Chandran filed this interlocutory appeal. Because Chandran has not established that we have jurisdiction, we dismiss his appeal.

## I.

In June 2022, Chandran was indicted for wire fraud, *see* 18 U.S.C. §§ 1343, 2, and money laundering, *see* 18 U.S.C. §§ 1957, 2. The indictment also alleged that certain property was subject to forfeiture. *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c). This property included bank accounts, vehicles, and real estate. A magistrate judge issued seizure warrants for almost all of the property, and the Government—through executing the seizure warrants, conducting interlocutory sales, and recording a notice of *lis pendens*—then restrained much of it.

Chandran filed a motion before the magistrate judge, requesting (1) the return of the restrained property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, and (2) a hearing pursuant to *Luis v. United States*, 578 U.S. 5 (2016) to assess whether the Government had wrongfully restrained property that he needed to pay his counsel of choice. The magistrate judge denied Chandran's motion in part, but also granted it in part, determining that to continue maintaining custody over certain restrained property, the Government needed to obtain a court order authorizing the continued custody. In light of this ruling, the magistrate judge declined to rule on whether to grant Chandran's requested hearing.

Chandran filed objections to the magistrate judge's order before the district court. The Government, meanwhile, asked the district court for authorization to continue maintaining custody over the restrained property. The district court issued a set of orders (the "Pretrial Orders"), which overruled Chandran's objections and authorized the Government to continue its custody over the property. In June 2025, while his criminal proceedings continued towards trial in the district court, Chandran filed this interlocutory appeal of the Pretrial Orders.

## II.

Chandran bears the burden of establishing that we have jurisdiction to review his appeal, an issue that we review *de novo*. *See United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). "The first Judiciary Act of 1789 . . . established the general principle that only *final* decisions of the federal district courts would be reviewable on appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981) (citing 28 U.S.C. § 1291). In criminal cases, this "finality rule" generally means that "appellate review is not available until after conviction and sentencing." *See United States v. Ivory*, 29 F.3d 1307, 1311 (8th Cir. 1994). Here, Chandran faces this jurisdictional obstacle because he appealed the Pretrial Orders while his criminal proceedings continued towards trial.

But there are some exceptions to the finality rule, and Chandran argues that one such exception, outlined in 28 U.S.C. § 1292(a)(1), applies here. Section 1292(a)(1) provides that we "have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions." Under § 1292(a)(1), we have jurisdiction to review two categories of orders: first, "orders that grant or deny injunctions," *see Morgenstern v. Wilson*, 29 F.3d 1291, 1294 (8th Cir. 1994); and second, "order[s] that merely [have] the practical effect of [granting or] denying an injunction . . . if it can be shown that the order[s] might have some serious, perhaps irreparable consequence and that the order[s] can be effectually challenged only by immediate appeal," *see Kausler v. Campey*, 989 F.2d 296, 299 (8th Cir. 1993) (citation modified). But here, Chandran has failed to establish that the Pretrial Orders fall into either category.[2]

---

[2]One of the Pretrial Orders overruled Chandran's objections to the magistrate judge's ruling on his Rule 41(g) motion for the return of property. The Government argues that *Di Bella v. United States*, 369 U.S. 121 (1962) governs whether that order is immediately appealable. Assuming *Di Bella*'s two-part test applies, our result is unchanged; even if Chandran's motion was "solely for return of property," it was "tied to a criminal prosecution in esse against [him]." *See id.* at 131-32.

Chandran has failed to establish that the Pretrial Orders granted or denied injunctions. "In determining whether the district court acted specifically to grant [or deny] injunctive relief, we examine the language of the order, the grounds on which it rests, and the circumstances in which it was entered." *See Morgenstern*, 29 F.3d at 1294 (citation modified). Our close examination of the Pretrial Orders reveals that they did not expressly grant or deny injunctions. *See Kausler*, 989 F.2d at 299. And Chandran offers no reason why any other aspect of the Pretrial Orders would indicate that they granted or denied injunctions. Chandran argues that the district court granted an injunction when it authorized the Government's continued custody over his property because, in doing so, the district court relied on 21 U.S.C. § 853(e). But that provision enables district courts not only to issue injunctions but also to issue restraining orders and to "take any other action" to "preserve the availability of property" subject to criminal forfeiture. § 853(e)(1). The mere fact that the district court relied on § 853(e) does not mean that the district court granted or denied an injunction.

To establish that the Pretrial Orders are reviewable for having the practical effect of an injunction, Chandran also must establish that the Pretrial Orders "might have some serious, perhaps irreparable consequence," and "can be effectually challenged only by immediate appeal." *See id*. But Chandran never explains how the orders satisfy these requirements from *Kausler*. Instead, he suggests that these requirements do not apply to preconviction orders that preserve forfeitable assets. We see no such limit in *Kausler*. *See id*. at 298-99. Therefore, we need not decide whether the Pretrial Orders have the practical effect of an injunction; either way, Chandran has not established that they are reviewable.

Chandran's primary jurisdictional argument is to point to other cases where courts asserted jurisdiction to review preconviction orders that preserved forfeitable assets. If those courts had jurisdiction, Chandran implies, then surely we must have jurisdiction here also. But none of Chandran's cases govern the circumstances here.

First, Chandran cites *United States v. Monsanto*, 491 U.S. 600 (1989), noting that there the Supreme Court exercised what he labels as "interlocutory jurisdiction" over a pretrial restraining order. But in *Monsanto*, the Court did not discuss why it had jurisdiction, *see id.* at 602-16, and Chandran offers no further analysis of that case to explain why it applies here. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

Second, Chandran cites a selection of out-of-circuit, non-binding cases where courts invoked § 1292(a)(1) to review certain preconviction orders. *See United States v. All Assets of Statewide Auto Parts, Inc.*, 971 F.2d 896 (2d Cir. 1992); *United States v. Oriho*, 969 F.3d 917 (9th Cir. 2020); *In re Any and All Funds Held in Republic Bank of Ariz. Accts.*, 774 Fed. App'x. 400 (9th Cir. 2019) (unpublished); *United States v. Roth*, 912 F.2d 1131 (9th Cir. 1990); *Roberts v. United States*, 141 F.3d 1468 (11th Cir. 1998); *United States v. Kaley*, 579 F.3d 1246 (11th Cir. 2009).

But these cases offer no help to Chandran because he has failed to establish that the Pretrial Orders either (1) granted or denied an injunction, or (2) had the practical effect of an injunction and satisfied the requirements in *Kausler*. In three of these cases, courts invoked § 1292(a)(1) after reasoning that certain preconviction orders granted or denied injunctions. *See Funds Held*, 774 Fed. App'x at 401; *Roth*, 912 F.2d at 1133; *Roberts*, 141 F.3d at 1471. Here, however, Chandran has not established that the Pretrial Orders also granted or denied injunctions. In the remaining three cases, courts asserted jurisdiction under § 1292(a)(1) after reasoning that certain preconviction orders had the practical effect of injunctions. *See All Assets*, 971 F.2d at 901; *Oriho*, 969 F.3d at 923; *Kaley*, 579 F.3d at 1251-53. But Chandran never explains why these cases indicate that the Pretrial Orders "might have some serious, perhaps irreparable consequence" and "can be effectually challenged only by immediate appeal." *See Kausler*, 989 F.2d at 299. *Oriho* and *Kaley* do not discuss these requirements. *See* 969 F.3d at 923; 579 F.3d at 1251-53. *All Assets* perhaps touches upon them by referencing a court order's "final and

irrevocable consequences," but those consequences—"the shutdown of an ongoing business enterprise and the ensuing loss of good will"—are not present here. *See* 971 F.2d at 901.[3] Also, we cannot help but notice that Chandran's selection of out-of-circuit cases omits those where courts held that § 1292(a)(1) did *not* confer jurisdiction to review certain preconviction orders that preserved forfeitable assets. *See, e.g., United States v. Quintana-Aguayo*, 235 F.3d 682, 686-87 (1st Cir. 2000); *United States v. Victoria-21*, 3 F.3d 571, 574-75 (2d Cir. 1993).

Chandran's remaining jurisdictional argument relies on *United States v. Riley*, 78 F.3d 367 (8th Cir. 1996), where we instructed that a district court's "preconviction restraint order" should "include specific findings permitting an appellate court to determine whether the property restrained is subject to forfeiture." *See id.* at 370. Chandran argues that *Riley*'s instruction makes sense only if such orders are appealable. But *Riley* never endorses this extrapolation, and regardless, such orders *are* appealable—if there has been a final decision, or if an exception to the finality rule applies.

In sum, Chandran has not established that we have jurisdiction under § 1292(a)(1). We decline to consider any other potential exceptions because Chandran did not raise them in his briefing. *See Wirtz v. Specialized Loan Servicing, LLC*, 987 F.3d 1156, 1160 (8th Cir. 2021).

### III.

Therefore, we dismiss Chandran's appeal for lack of jurisdiction.

_____

[3]Chandran excerpts a quote from *All Assets* that cites *United States v. Unit No. 7 & Unit No. 8*, 853 F.2d 1445, 1448 (8th Cir 1988), *reh'g granted and opinion vacated sub nom.*, 883 F.2d 53 (8th Cir. 1989), *and on reh'g sub nom.*, 890 F.2d 82 (8th Cir. 1989). *Unit No. 7* notes that certain preconviction orders have the practical effect of an injunction, but it never discusses the requirements described in *Kausler* for court orders that merely have the practical effect of an injunction (indeed, *Unit No. 7* predates *Kausler*), and Chandran does not discuss *Unit No. 7* further.